**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Ann Davis, | No. CV-20-01507-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion for EAJA fees (Doc. 30) and memorandum in support thereof (Doc. 31). The motion is granted and fees are awarded in the amount of $10,834.61.

I.  Legal Standard And The Parties' Positions

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 32 at 2), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine

whether the fee award requested is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any social security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Plaintiff originally requested $9,964.45 in her motion for EAJA attorneys' fees, as her counsel spent 8.8 hours on his case in 2020, 34.3 hours in 2021, and 3.1 hours in 2022. (Doc. 31 at 9; Doc. 31-2 at 2-6.) Defendant opposes the amount of fees requested and asserts that the Court should "reduce Plaintiff's award of EAJA fees, if any,[2] to the reasonable amount of $7,245.20." (Doc. 32 at 2.)

In reply, Plaintiff argues that "[t]he additional four hours to prepare [the reply brief], at the current hourly rate of $217.54, when added to the original EAJA request, equals $10,834.61, which should be the current EAJA award." (Doc. 39 at 11.)

## II. Analysis

The Court will consider the reasonableness of the hours billed in this case by examining the timesheets and reviewing the appropriateness of the kinds of tasks that were billed and the amount of time spent on them. *Heggem v. Colvin*, 2016 WL 4194527, *2 (D. Ariz. 2016) ("[T]he Court 'combed through the record' as is required for all fee applications brought pursuant to the EAJA.").

The Commissioner argues that Plaintiff's fee request is unreasonable because (1) Plaintiff failed to affirmatively advance the reasons why the fee request is reasonable (Doc. 32 at 3), (2) the issues in the case were not novel (*id.* at 4), (3) administrative tasks were included in the billing descriptions (*id.* at 5), (4) services were duplicated (*id.* at 5-6), and (5) the opening brief included a glossary (*id.* at 6-7).

The Court has carefully reviewed Plaintiff's attorney's itemization of services (Doc. 31-2 at 2-6) and concludes that none of Defendant's arguments compel a reduction of the fee award requested.

### A. Reasonableness Demonstrated By Itemization Of Services

Plaintiff submitted an itemization of services that lists every billable task Plaintiff's counsel undertook and how much time was spent on each activity. (*Id.*) This itemization is adequate for the Court's consideration; Plaintiff need not preemptively guess what

---

[2] Defendant explicitly conceded, in the same paragraph, that "Plaintiff is entitled to attorney fees" (Doc. 32 at 2), so the "if any" verbiage in this sentence is perplexing.

reasonableness challenges might be forthcoming. Indeed, the fact the time was spent indicates that Plaintiff's counsel believed it needed to be spent. "[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "the payoff is too uncertain." *Costa*, 690 F.3d at 1136. Although it is a plaintiff's burden to demonstrate that the hours spent were reasonable, a plaintiff can do this by affirmatively submitting an itemization of services and then defending against whatever challenges a defendant mounts in its opposition. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) ("[P]laintiff's counsel can meet his [or her] burden—although just barely—by simply listing his [or her] hours and 'identify[ing] the general subject matter of his time expenditures.'") (citation omitted).

### B. Complexity

The issues in Social Security appeals are seldom novel or complex, but application of the facts to the law is nevertheless a time-consuming task, and cases with "routine" issues are "often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa,* 690 F.3d at 1134 n.1. The Commissioner fails to identify specific time entries to support the contention that excessive time was spent conducting legal research on the issues, such that the proposed 3.5 hour reduction (Doc. 32 at 5) would be warranted.

### C. Clerical Tasks

Time billed for clerical tasks should not be included in an EAJA award, because such tasks should be subsumed in firm overhead rather than billed. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). This is true regardless of who does the clerical work—a legal assistant, paralegal, or attorney. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (non-legal work "is not enhanced just because a lawyer does it"); *Neil v. Comm'r Soc. Sec. Admin.*, 495 Fed. App'x. 845, 847 (9th Cir. 2012) (affirming a reduction of fees for "purely clerical tasks such as filing documents and preparing and serving summons" performed by an attorney); *McAnally v. Saul*, 2019 WL 6179217, *2 (D. Alaska 2019) (deducting time billed by an attorney for clerical tasks); *Brandt v. Astrue*, 2009 WL 1727472, *4 (D. Or.

2009) (same); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

Defendant identifies seven instances when 0.1 hours were spent reviewing orders granting procedural motions, such as unopposed motions for deadline extensions. (Doc. 32 at 5.) Plaintiff's counsel responds that "[k]eeping track of what is happening in a client's case is more than just an 'administrative' task and an attorney fails to do so at his peril." (Doc. 39 at 7.) The Court agrees with Plaintiff that reviewing Court orders—even very short ones—is not an administrative task, and at any rate, the 0.7 hours billed for reviewing these orders will hardly result in a windfall. Defendant also notes that 1.0 hours were spent on May 4, 2021, the description for which reads "Email from Mr. Mitchell re edits, reviewed, final draft." (Doc. 32-2 at 4.) Plaintiff's counsel responds that this time was spent "[r]eviewing edits and then preparing a final draft" (Doc. 39 at 7), which seems evident from the entry description and is obviously not clerical in nature.

### D.     Duplication Of Services

The Court has rejected, time and again, Defendant's arguments about duplication of services. *Latahotchee v. Comm'r of Soc. Sec. Admin.*, 2021 WL 3089117, *3 (D. Ariz. 2021) ("[T]he Court has rejected—numerous times—the argument collaboration between two lawyers amounts to impermissible duplication of effort."); *Garcia v. Comm'r of Soc. Sec. Admin.*, 2021 WL 347784, *1 (D. Ariz. 2021) ("[T]he Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process."); *Andreason v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5544367, *2 (D. Ariz. 2020) (same); *Maske v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6562343, *6 (D. Ariz. 2020) ("The Court agrees with Plaintiff's assertion that 'if this were a case brought by some big-shot downtown law firm, no one would blink an eye about more than one attorney working on a case,' and the Court declines to 'blink an eye' here."); *Caggiano v. Comm'r of Soc. Sec. Admin.*, 2021 WL 2779499, *5

1  (D. Ariz. 2021) (no reduction of fee award due to four attorneys collaborating on the case because "the duplicative work here was necessary to the litigation, and each duplicate billing entry includes time billed for substantive work").

### E.  The Glossary

Plaintiff included a glossary of terms with the Opening Brief. (Doc. 18-1.) Defendant asserts that Plaintiff "billed excessive time to prepare a 10-page Glossary" that resulted in a "thirty-five page opening brief" that "exceeded by 10 pages the Court's page limit." (Doc. 32 at 6-7.)

Inclusion of a glossary can be helpful in Social Security cases and is not generally regarded as an infringement on page limitation rules. *Fultz v. Berryhill*, 2019 WL 160601, *3 (D. Ariz. 2019) ("[T]he Commissioner argues that Plaintiff's attorney billed for the preparation of unnecessary glossaries . . . [and] that the glossaries are excessive because they exceed the page limit set by the courts. But medical glossaries are common attachments in social security cases, and, absent more explanation, the Court does not agree that the glossary was unreasonable or excessive.") (citation omitted). The billing entries that mention the glossary suggest the glossary was created and edited in tandem with doing preliminary research and drafting the opening brief—that is, there is no standalone entry for a chunk of time devoted to creating the glossary. It is not always possible to tease out, with specificity, the time spent on tasks that are organically performed in tandem. It makes sense that Plaintiff's counsel would need to perform "[m]edical research regarding claimant's impairments, medication, and treatment" (Doc. 31-2 at 3) in order to understand the facts of the case, and it makes sense that the glossary could be prepared while performing this research. Nor is the Court concerned that the three hours of "continued edits" on May 4, 2021 (*id.* at 4) included edits to the glossary, or that, later that day, review of the filed brief[3] also included review of the glossary (*id.*). Viewing the brief and glossary

---

[3]  *Murrieta v. Comm'r of Soc. Sec. Admin.*, 2021 WL 1208980, *4 (D. Ariz. 2021) ("[O]ne last quick review of the draft after filing [is] reasonable, with the understanding that if something crucial were missed, leave to supplement could be sought."); *Alvarez v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5396061, *2 (D. Ariz. 2021) ("[R]eviewing documents for error has value. Although some attorneys might choose to expend their reasonable review time before filing, some allot a portion of that time for after filing,

together as a whole, the time billed for drafting, editing, and reviewing them appears reasonable.[4]

Having prevailed entirely in the fees motion, Plaintiff is also entitled to the fees incurred in litigating it. *Murrieta*, 2021 WL 1208980, at *5; *Andreason*, 2020 WL 5544367, at *3; *Maske*, 2020 WL 6562343, at *7.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA fees (Doc. 30) is **granted** and Plaintiff is awarded $10,834.61 in attorneys' fees.

**IT IS FURTHER ORDERED** that if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 7th day of July, 2022.

_____
Dominic W. Lanza
United States District Judge

---

relying on a notice of errata to make their changes.").

[4] Although block billing is not a problem *in this instance* because the tasks were performed in tandem, generally "block billing makes it more difficult to determine how much time was spent on particular activities" and should be avoided, at the risk of having the hours billed reduced. *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007).

- 7 -